IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE

# ADOLPH C. LAVIN, ET AL. v. ROSS JORDON, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 96C-1475     Barbara N. Haynes, Judge**

**No. M1997-00259-SC-R11-CV - Decided April 24, 2000**
**FOR PUBLICATION**

JUSTICE BIRCH, dissenting.

I agree with my colleagues in the majority with respect to two conclusions:

> 1.      The maximum amount recoverable under Tenn. Code Ann. §§ 37-10-101 to -103 (1996 & Supp. 1999) is $10,000; and

> 2.      Tenn. Code Ann. § 37-10-103 (1996 & Supp. 1999) does not provide a cause of action separate from that provided in Tenn. Code Ann. §§ 37-10-101 to -102 (1996 & Supp. 1999).

Chief among our points of disagreement is my firm conviction that the cause of action for negligent parental supervision as established by and refined in Bocock v. Rose[1] remains, in my opinion, viable, extant, and uncapped in the amount of damages recoverable. Thus, I cannot agree that the statutes under discussion provide the sole vehicle for the redress of injuries caused by negligent parental supervision.

My colleagues express the view that Tenn. Code Ann. § 37-10-103 does not provide a defense to the cause of action established in Tenn. Code Ann. §§ 37-10-101 and -102. They concede, however, that when the parental liability statutes at issue in this case were first enacted in 1957, the defense of due care and diligence was available to the defendant-parent. According to the majority, the 1981 amendment to the paternal liability statutes abolished the defense that had been intact since the enactment of the original 1957 statute.[2] Moreover, the majority opines that what was then a defense before the 1981 amendment is now the basis for liability; that is, a cause of action

---

[1] 213 Tenn. 195, 373 S.W.2d 441 (1963).

[2] Implicit in the majority's assertion that the 1981 amendment abolished the defense provided by the original parental liability statute is a recognition that the defense provided by the 1957 statute survived amendments in both 1969 and 1976.

brought under Tenn. Code Ann. §§ 37-10-101 to -103 is viable today only if the plaintiff can establish that the defendant's conduct meets the requirements of Tenn. Code Ann. § 37-10-103. Under the majority's analysis, what was once a shield is now a sword.

I cannot agree. The caption to the 1981 amendment of the statutes at issue plainly states that it is

> AN ACT to increase the amount of recovery against a parent or guardian for the act of a minor child; to modify the defense to such a suit; and to amend Tennessee Code Annotated, Title 37, Chapter 10.

Caption, 1981 Tenn. Pub. Acts ch. 160 (emphasis added). A plain reading of this caption indicates that the legislature's intent in 1981 was to modify the defense provided by the 1957 statute and not to delete or remove it.

The majority stresses that the "substantive" amendment to the statutes now codified as Tenn. Code Ann. §§ 37-10-101 to -103 occurred in 1981, almost 25 years after the enactment of the original 1957 statute. In so stating, the majority glides by the fact that the 1957 parental liability statutes were amended in 1969 and 1976.[3] Both the 1969 and 1976 amendments to the original 1957 statutes occurred after this Court decided Bocock and presumably with the legislature's full knowledge of the case. See Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 899 (Tenn. 1992) (stating that the "[l]egislature is presumed to know the state of the law on the subject under consideration at the time it enacts legislation.") If, as the majority implies, the legislature intended to remove the defense provided by the 1957 statute as a reaction to the 1964 Bocock decision, it could have been easily accomplished in 1969 or 1976, at the same time other portions of the same parental liability statutes were in the amendment process.

Finally, the majority states that Tenn. Code Ann. § 37-10-103 does not provide a cause of action independent from that established in Tenn. Code Ann. §§ 37-10-101 to -102, and that when the legislature acted to amend the parental liability statutes in 1981, the sponsors of the amendments "did not intend . . . to establish a separate cause of action against parents . . . [only] to clarify the circumstances under which parents could be held liable." I agree that the legislature did not intend to establish a separate cause of action when it enacted the statute that is now codified at Tenn. Code Ann. § 37-10-103. It did not have to do so because one already existed, and had existed, since our 1964 decision in Bocock. Additionally, the majority's assertion that Tenn. Code Ann. § 37-10-103 was provided by legislators merely "to clarify the circumstances under which parents could be held liable" is ambiguous. Inferentially, it would appear from the majority's own argument that if the "circumstances" outlined by Tenn. Code Ann. § 37-10-103 of the current parental liability statute were not satisfied, that the parent would have--as I have argued--a defense to the action provided by Tenn. Code Ann. §§ 37-10-101 to -102.

---

[3]Indeed, the defendants whose liability was increased by the 1969 and 1976 amendments quite possibly thought them substantive.

For the reasons outlined above, I respectfully dissent. Tennessee Code Annotated § 37-10-103 provides a defense to the vicarious liability imposed by Tenn. Code Ann. § 37-10-101. Though the maximum amount recoverable under Tenn. Code Ann. §§ 37-10-101 to -103 is $10,000, the cause of action for negligent parental supervision established by this Court in Bocock remains viable and unaffected by the statutory cap of $10,000. Thus, I adhere to my firmly held view that the Bocock cause of action and the statutory provisions each have independent existence and application.